UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Angelo Grace, #277020, | ) C/A No.: 9:09-1815-MBS-BM |
|---|---|
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| George Hagan, Warden ACI, | ) |
| Respondent. | ) |

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is incarcerated at the Allendale Correctional facility in the State of South Carolina. A search of the South Carolina Department of Corrections on-line incarcerated inmate database shows that petitioner is serving a sentence for a South Carolina conviction for attempted armed robbery. Petitioner's sentence start date was December 26, 2000.

In his habeas corpus petition, petitioner attacks a New York state sentence for murder in the second degree. He was convicted of this charge in November 2004 and received a sentence of 25 years to life. The appellate court affirmed the conviction and sentence on appeal. Petitioner has filed a motion to vacate with the appellate court which is still pending. No post-conviction relief for the New York charge has been sought.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 952 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70

(4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1979), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319, 322 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the Section 2254 petition is subject to summary dismissal because the petitioner has not exhausted his state remedies. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 389 (4th Cir. 1990).

The petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the above-captioned case should be dismissed because the petitioner has not exhausted his state remedies. With respect to his New York conviction and sentence, the petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion also required under 28 U.S.C. § 2241); and *Moore v. De Young*, 515 F.2d 437, 442-443 (3rd Cir. 1975)(exhaustion required under 28 U.S.C. § 2241). Although the petitioner filed a direct appeal, he does not allege that he filed an application for post-conviction relief. As a result, the grounds raised in the § 2254 petition have not been considered and addressed by courts of the State of New York.

Additionally, a petition for writ of habeas corpus must be filed in the judicial district which

can acquire *in personam* jurisdiction of a petitioner's warden or other custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-435, 124 S.Ct. 2711 (2004).; *Al-Marri v. Rumsfeld*, 360 F.3d 707 (7th Cir. 2004).

In *Padilla* the Court said:

> In accord with the statutory language ......longstanding practice confirms that in habeas challenges to present physical confinement-"core challenges"-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.[citations omitted].

*Rumsfeld v. Padilla*, 542 U.S. @ 435.

Here, however, petitioner does not seek to challenge his present physical confinement. Petitioner is not attacking his State of South Carolina conviction for attempted armed robbery. A habeas petitioner who challenges a form of custody other than present physical confinement may name as a respondent the entity or person who exercises legal control with respect to the challenged custody. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-500 (1973). In this case, however, the petitioner has failed to do so.

Presumably, the petitioner would want to name the Attorney General for the State of New York as a respondent if he wishes to challenge his New York conviction and sentence. This Court, however, has no jurisdiction over the New York Attorney General. *Norris v. State of Georgia*, 522 F.2d 1006 (4th Cir. 1975)

In that case, the petitioner was a North Carolina inmate who sought dismissals of detainers lodged against him by the State of Georgia and the State of Louisiana. The lower court in *Norris* effected service on those two States by mailing copies of the petition to the Attorney General of Georgia and the Attorney General of Louisiana. *Norris v. State of Georgia*, 357 F. Supp. 1200 (W.D.N.C. 1973). In affirming in part but reversing the decision of the district court, the United



States Court of Appeals for the Fourth Circuit stated, "[a]bsent such authorization by a specific federal statute, the court has 'no blanket authority to enter an order for substituted or personal service outside of the state in which it is sitting.'" *Norris v. Georgia*, 522 F.2d at 1009 n. 2. Therefore, even if petitioner had exhausted his state court remedies, the Attorney General of New York cannot be reached by service of process issued by the United States District Court for the District of South Carolina.

The petitioner is not without a remedy. He may file a petition for writ of habeas corpus in a federal court in New York after he has exhausted his New York state remedies.

## RECOMMENDATION

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the respondents. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and *Baker v. Marshall*, 1995 WL 150451 (N.D.Cal. 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996.

July 29, 2009
Charleston, South Carolina

Bristow Marchant
United States Magistrate Judge

***The petitioner's attention is directed to the important notice on the next page.***


p4

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

